## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-00766-RBJ

FRANCENE A. MARKHAM

Plaintiffs

v.

CMH HOMES, INC., a Tennessee corporation

Defendant ,

### AMENDED COMPLAINT

Comes now the Plaintiff, by and through her attorneys, Patricia Jo Stone, P.C., and for her Complaint against this Defendant, states and alleges as follows:

### GENERAL ALLEGATIONS

1. The Plaintiff, Francene A. Markham, resides at 5003 W. Dakota Avenue, Denver, CO 80219

2. The Defendant, CMH Homes, Inc. is a Tennessee corporation authorized to do business in Colorado, with its principal offices at 5000 Clayton Road, Maryville, TN 37804 and Denver manufactured home sales location at 6199 N. Federal, Denver, CO 80221, where Plaintiff was employed.

3. The registered agent for the Defendant is The Corporation Company. 1675 Broadway, Suite 1200, Denver, CO 80202.

4.  The Plaintiff was employed by the Defendant as a sales consultant  in March, 2008 until she was discharged on July 16, 2011.

5.  During the time of her employment, the Plaintiff acted as a sales consultant, marketing manufactured homes produced by the Defendant to the general public.

6.  Her immediate supervisor in this position was Alfredo Dominguez, who was manager of the sales center.

7.   Plaintiff is a female, who is over 65 years of age and who suffers from chronic occlusive pulmonary disease, which caused her to be under a medical restriction from her physicians of no more than forty hours of work at her employment per week.

8.  Information regarding her physical disability was provided by the Plaintiff to the Defendant, together with her request for accommodations under the provisions of the American's with Disabilities act and the provisions of the Age Discrimination Employment Act.

9.  Despite the fact that her medical disability prevented her from working more than forty hours per week, Plaintiff was otherwise fully qualified to carry out the job of a sales person and sales consultant and she successfully made sales of the Defendant's modular homes on a regular basis.

10. In her position as a sales consultant, Plaintiff suffered harassment, unfair and defamatory treatment from her supervisors, which had no basis and which were undeserved by Plaintiff and, according to her best information and belief, the hostile work environment, the defamatory and outrageous conduct directed against her were motivated by prejudice against her because of her age and her disability.

11. Although Plaintiff was hired by Defendant when she was 63 years of age her supervisor and agent of the Defendant, Alfredo Dominguez regularly disparaged her, using her age, in front of customers, suggesting that she should retire since she is on social security, implying that they would not get good service from Plaintiff, or that Plaintiff was somehow less competent because of her age.

12. Despite the disparagements of the Defendant's agent, Mr. Dominguez, Plaintiff had more potential and actual sales than any other member of the sales force at that time and Plaintiff was owed $12,000 in pending commissions at the time of her termination, which sums she has never received.

13. Mr. Dominguez regularly told Plaintiff that it was time for her to resign and retire because she should not be entitled to two incomes, referring to Plaintiff's eligibility for Social Security benefits.

14. In addition to his generally creating a hostile work environment which encouraged other sales persons to shun Plaintiff and make her feel unwelcome in the workplace and in work related situations, Defendant's agent, Mr. Dominguez regularly implied to

3

other employees and customers that the Plaintiff was defective and unable to perform her share of employee duties.

15. Plaintiff continued to receive disparate treatment and was harassed at the workplace because she had certain restrictions from her physicians as a result of her pulmonary illness, despite the fact that other employees who had medical needs or family members who had medical needs were allowed to miss work for medical appointments and other necessary matters.

16. Although Plaintiff had seniority, she was not given weekends off.  When she addressed this with management of the Defendant, she was advised that the other employees needed special treatment to avoid conflict with or jealousy of Plaintiff because Plaintiff's health required her to have a forty hour work week.

17. Plaintiff's   need for a forty hour week was a medical prescription documented by Plaintiff's physician for the Defendant employer.

18. Defendant's management, rather than being sympathetic or accommodating to Plaintiff's  reasonable medical needs, punished Plaintiff by refusing to schedule any weekends off for her and disparaging her to other employees for her medical condition.

19. Defendant also  to allow Plaintiff to take time under the Family and Medical Leave Act to attend doctor appointments while  employees were allowed to take FMLA time off for personal and family medical appointments on a regular basis.

20. Plaintiff left the employ of the Defendant on July 17, 2011, only because of the disparate treatment she received and the  continuing hostile work environment that she endured.

21. According to her best information and belief, the management was attempting to force her to leave the job she loved and that she was constructively discharged.

22. Plaintiff made a charge against the Defendant with the Equal Employment Opportunity Commission (EEOC) on July 25, 2011.

23. Plaintiff received Right to Sue letter, dated December 20, 2011.

24. Plaintiff has been unable to secure other employment as a result of the adverse effects on her life caused by the aforementioned conduct of the Defendant, its officers, managers and agents.

### FIRST CLAIM FOR RELIEF – AGE DISCRIMINATON EMPLOYMENT ACT, (ADEA) 29 USC §621 *et. seq.* and the AMERICANS WITH DISABILITIES ACT, (ADA) 42 USC § 12101 *et.seq.* and THE FAMILY and MEDICAL LEAVE ACT, (FMLA) 29 USC §2601,*et.seq.*

25. Plaintiff incorporates the preceding paragraphs herein as though fully set forth.

26. The conduct of the employees, agents and assigns of Defendants is chargeable to the Defendants under the doctrines of agency and *respondeat superior.*

27. Plaintiff herein is within in protected class of employees as set out in the ADEA, 29 USC §621 *et.seq.* and the ADA, 42 USC § 12101, *et.seq.* and is entitled to the protections and benefits provided by the FMLA, 29 USC § 2601, *et. seq.*

28. The conduct of the Defendants as set out hereinabove constitutes a violation of the provisions of the ADEA, ADA, and FMLA so as to entitle Plaintiff to recover damages and compensation and other appropriate relief from the Defendants.

29. The Plaintiff has exhausted her administrative remedies and has reported the discrimination complained of herein to the EEOC and received a right to sue letter from that agency as required by the ADEA, ADA and FMLA.

**Wherefore, Plaintiff prays for damages in the maximum amount allowed under the respective statutes, for attorney's fees and costs, interest and such other and further relief as the Court shall consider appropriate under the circumstances.**

## SECOND CLAIM FOR RELIEF – WRONGFUL DISCHARGE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff incorporate the allegations contained in the preceding paragraphs as though fully set forth.

31. The conduct of the Defendants, their agents, employees and assigns, as set out above was intentional and in a willful and wanton and reckless disregard of the rights and feelings of the Plaintiff, so as to entitle her to recover punitive damages.

32. The conduct of the Defendants, their agents, employees and assigns, was the direct and proximate cause of the injuries and damages sustained by each of the Plaintiff.

33. The Defendants, their agents, employees and assigns, owed the Plaintiff a duty of care to provide a safe, healthy and accommodating workplace in which the Plaintiff could be as productive as possible.  The Defendants had a duty to abide by all statutes and laws which protect the Plaintiff from discrimination and disparate treatment in the workplace.

34. The conduct of the Defendants, their agents, employees and assigns, constituted a direct and deliberate breach of the duty of care owed to the Plaintiff, so as to entitle the Plaintiff to recover damages for their injuries, damages and losses, including punitive damages.

35. The conduct of the Defendants constitutes intentional infliction of emotional distress and outrageous conduct in direct dereliction of the duty of care owed to the Plaintiff.

36. The Defendant, its agents, managers and employees knew or should have known that their continued harassment and disparate treatment of the Plaintiff constituted intentional infliction of emotional distress on the Plaintiff, and constitutes outrageous conduct in the treatment of the Plaintiff as said disparate treatment was solely based on Plaintiff's age and her medical condition as Plaintiff was a exemplary, productive and profitable employee in every other way.

37. Such intentional conduct on the part of the Defendant is contrary to public policy and chills the workplace opportunities for persons over 40 years old and those with manageable medical problems.

38. The conduct of the Defendants toward the Plaintiff constitutes wrongful discharge or wrongful constructive discharge caused by the hostile work environment and the intentional infliction of emotional distress upon the Plaintiff by the agents of the Defendant, so as to entitle the Plaintiff to recover for their injuries, damages and losses.

**Wherefore, the Plaintiff respectfully prays for damages, including punitive damages, together with attorney's fees and costs, interest and such other and further relief as the Court shall consider appropriate under the circumstances.**

Respectfully submitted,

*/s/ Patricia Jo Stone*

Patricia Jo Stone
Attorney Reg. # 7261
Patricia Jo Stone, PC

Parker Station, Suite 200
19751 E. Mainstreet
Parker, CO 80138
 Telephone: 303-805-7080
jo@patriciajostone.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2012, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Attorneys for the Defendant:

Cole A Wist
1700 Lincoln Street, Suite 4650
Denver, CO 80203
cole.wist@ogletreedeakins.com

Stacy D. Mueller
1700Lincoln Street, Suite 4650
Denver, CO 80203
stacy.mueller@ogletreedeakins.com

/s/ Patricia Jo Stone