**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-00766-RBJ

FRANCENE A. MARKHAM,

      Plaintiff,

v.

CMH HOMES, INC., a Tennessee corporation,

      Defendant.

---

**ANSWER TO AMENDED COMPLAINT**

---

Defendant CMH Homes, Inc. ("Defendant" or "CMH Homes") by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby responds to the Amended Complaint filed by Plaintiff Francene A. Markham ("Plaintiff" or "Markham") as follows:

<u>**GENERAL ALLEGATIONS**</u>

1.    Defendant lacks knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 1 of the Amended Complaint, and therefore denies the same.

2.    Defendant admits the allegations set forth in paragraph 2 of the Amended Complaint.

3.    In response to paragraph 3 of the Amended Complaint, Defendant admits that its registered agent in the State of Colorado is The Corporation Company.

4.    Defendant admits that Plaintiff was employed by Defendant as a Sales Professional beginning in March 2008, but denies the remainder of the allegations set forth in

paragraph 4 of the Amended Complaint.

5.     Defendant admits that Plaintiff was employed as a Sales Professional during her employment with Defendant, and that her job duties as a Sales Professional included marketing manufactured homes to the general public.  Defendant denies the remainder of the allegations set forth in paragraph 5 of the Amended Complaint.

6.     Defendant admits the allegations set forth in paragraph 6 of the Amended Complaint.

7.     Upon information and belief, Plaintiff is a female and is over 65 years of age. Defendant lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations set forth in paragraph 7 of the Amended Complaint, and therefore denies the same.

8.     Defendant admits that Plaintiff provided information to Defendant related to a medical condition and requested that she work 40 hours per week.  Defendant denies the remainder of the allegations set forth in paragraph 8 of the Amended Complaint.

9.     Defendant denies the allegations set forth in paragraph 9 of the Amended Complaint.

10.     Defendant denies the allegations set forth in paragraph 10 of the Amended Complaint.

11.     Upon information and belief, Plaintiff was hired by Defendant when she was 63 years of age.  Defendant denies the remainder of the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Defendant denies the allegations set forth in paragraph 12 of the Amended

Complaint.

13.     Defendant denies the allegations set forth in paragraph 13 of the Amended Complaint.

14.     Defendant denies the allegations set forth in paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations set forth in paragraph 15 of the Amended Complaint.

16.     Defendant denies the allegations set forth in paragraph 16 of the Amended Complaint.

17.     Defendant admits that Plaintiff provided Defendant with a note from Plaintiff's doctor, which speaks for itself.  Defendant denies the remainder of the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint is unintelligible.   To the extent Defendant understands paragraph 19 of the Amended Complaint, it denies the allegations set forth in the same.

20.     Defendant denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Upon information and belief, Defendant admits the allegations set forth in

paragraph 22 of the Amended Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 23 of the Amended Complaint, and therefore denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph 24 of the Amended Complaint, and therefore denies the same.

## FIRST CLAIM FOR RELIEF – AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) 29 U.S.C. § 621 et seq. and the AMERICANS WITH DISABILITIES ACT (ADA) 42 U.S.C. § 12101 et seq. and the FAMILY AND MEDICAL LEAVE ACT (FMLA) 29 U.S.C. § 2601 et seq.

25. Defendant incorporates by reference all prior paragraphs in this Answer. Also, Plaintiff's claim for relief under the FMLA is the subject of a Partial Motion to Dismiss filed contemporaneously with this Answer. Without waiving the arguments contained in the Motion to Dismiss, Defendant responds to the allegations in Plaintiff's Complaint as follows:

26. Defendant denies the allegations set forth in paragraph 26 of the Amended Complaint.

27. Defendant admits that upon information and belief, Plaintiff is over the age of 40 years old. Defendant denies the remainder of the allegations set forth in paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Amended Complaint.

29. Upon information and belief, Defendant admits that Plaintiff filed a charge of discrimination with the EEOC. Defendant denies the remainder of the allegations set forth in

paragraph 29 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF – WRONGFUL DISCHARGE AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30.     Defendant incorporates by reference all prior paragraphs in this Answer.  Also, Plaintiff's Second Claim for Relief is the subject of a Partial Motion to Dismiss filed contemporaneously with this Answer.  Without waiving the arguments contained in the Motion to Dismiss, Defendant responds to the allegations in Plaintiff's Complaint regarding the Second Claim for Relief as follows:

31.     Defendant denies the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Defendant admits that it is subject to applicable statutes and laws.  Defendant denies the remainder of the allegations set forth in paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the Amended Complaint.

35.     Defendant denies the allegations set forth in paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations set forth in paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations set forth in paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations set forth in paragraph 38 of the Amended

Complaint.

39.     Defendant denies all other allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief may be granted.

2.     Plaintiff's claims are not actionable because the challenged employment actions were justified by legitimate, non-discriminatory and non-pretextual business reasons unrelated to age, disability or FMLA status.

3.     Plaintiff has failed to mitigate her damages, if any, that she claims against Defendant.

4.     Some or all of Plaintiff's claims cannot be litigated because they are beyond the scope of her administrative charge, were not subject to administrative investigatory or conciliation processes, and were not included in any determination by the EEOC.

5.     Plaintiff's claims based on conduct occurring prior to 300 days of the filing of Plaintiff's charge of discrimination with the EEOC are barred by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003-5(f), as incorporated into Section 107(a) of the Americans with Disabilities Act, 42 U.S.C. § 12117(a), and by the Age Discrimination in Employment Act, 29 U.S.C. § 626(d).

6.     Plaintiff is not a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8).

7.     At all times, Defendant's actions were lawful, justified, and made in good faith.

8.     Plaintiff's claims, to the extent they state a claim, are subject to any applicable damages caps or limitations.

9.      Some of Plaintiff's claims may be barred and/or damages may be reduced by the doctrines of unclean hands and/or after acquired evidence.

10.     Plaintiff's damages, if any, may be reduced or offset by virtue of any recovery she has obtained or may obtain from any collateral or other source as a result of any workers compensation claim, unemployment benefits, disability benefits or other employment.

11.     Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights within the meaning of Section 102(b)(1) of the Civil Rights Act of 1991.

12.     Defendant cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case.  See Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999).

14.     Without admitting liability or that Plaintiff is a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8), Plaintiff is not entitled to recover compensatory or punitive damages because Defendant at all times demonstrated good faith efforts to identify and make a reasonable accommodation within the meaning of 42 U.S.C. § 1981a(a)(3).

15.     Plaintiff cannot be liable for punitive damages under the Age Discrimination in Employment Act of 1967, as amended.

16.     Plaintiff has no standing to initiate this action and no right to relief under the FMLA because Defendant is not an employer within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. and 29 C.F.R. § 825.104(a).

17.     Plaintiff has no standing to initiate this action and no right to relief under the FMLA because she is not an eligible employee within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. and 29 C.F.R. § 825.110(a).

18.     Plaintiff has no standing to initiate this action and no right to relief under the FMLA to the extent that she did not suffer from a serious health condition as defined in Section 101(11) of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

19.     Plaintiff has no standing to initiate this action and no right to relief under the FMLA to the extent that she failed to make a timely and/or adequate request for FMLA leave as required by Section 102 of the Family and Medical Leave Act of 1992, 29 U.S.C. § 2601 *et seq*.

20.     Plaintiff has no standing to initiate this action and no right to relief under the FMLA to the extent Defendant did not have adequate notice of Plaintiff's serious health condition and/or request for FMLA leave as required by the Family and Medical Leave Act of 1992, 29 U.S.C. § 2601 *et seq*.

21.     Any act or omission by Defendant giving rise to Plaintiff's claim for relief under the FMLA was made in good faith and Defendant had reasonable grounds for believing that its act or omission was not a violation of the FMLA within the meaning of the Family and Medical Leave Act of 1992,  29 U.S.C. § 2601 *et seq*.

WHEREFORE, Defendant prays that Plaintiff's Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant for its costs expended hereto, including attorneys' fees, and for such other relief as the Court deems appropriate.

Respectfully submitted this 17th day of April, 2012.

> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> *s/ Stacy D. Mueller*
> _____
> Cole A. Wist
> Stacy D. Mueller
> 1700 Lincoln Street, Suite 4650
> Denver, Colorado  80203
> Tel:  303.764.6800
> Fax:  303.831.9246
> cole.wist@ogletreedeakins.com
> stacy.mueller@ogletreedeakins.com
>
> Attorneys for Defendant CMH Homes, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2012, I electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Patricia Jo Stone
Patricia Jo Stone, P.C.
19751 East Main Street, Suite 200
Parker, CO 80138
jo@patriciajostone.com

s/ Stacy D. Mueller